IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GALE K. GEMBER,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF LINCOLN, LINCOLN<br>POLICE DEPARTMENT, and<br>TRAFCON,<br><br>      Defendants. | 4:14CV3002<br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff filed his Complaint in this matter on January 13, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

      Plaintiff filed his Complaint on January 13, 2014, against the City of Lincoln, the Lincoln Police Department, and Trafcon. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are nonsensical. Plaintiff alleges, in pertinent part:

> Illegal use of surveillance device (nick-named) "Portable X-Ray" which also has offensive capabilities, as a torture device. . . . Device currently located at Trafcon 1937 Dudley (Warehouse). Severe Civil Rights violations; intimidation/coersion of neighbors toward harassment, vehicle and property damage, physical assault, disruption of phone and mail service, disruption of employment, malice and terrorism.

(*Id.* at CM/ECF p. 3.)

Plaintiff also alleges, among other things, that foreign vehicles are blocking his property's driveway and that there has been "improper deployment of emergency surveillance devices" into known "drug/prostitution gang related residences." (*Id.*) As relief, Plaintiff seeks $13 million in compensation for "torture, current and future physical problems arising from device radiation and civil rights abuse." (*Id.* at CM/ECF p. 5.) )

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. As set forth above, Plaintiff's allegations are nonsensical. The allegations that the court can decipher do not nudge any claim across the line from conceivable to plausible. In short, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Because the Complaint is nonsensical, the court finds that it would be fruitless for the court to order Plaintiff to file an amended complaint. This matter is therefore dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice pursuant to [28 U.S.C. § 1915(e)(2)](#).

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 23rd day of May, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3